IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ARTHUR DALE HICKEY, Reg. No. A-87634 Pontiac Correctional Center, <br><br> Petitioner, <br><br> v. <br><br> JAMES SCHOMIG, Warden, Pontiac Correctional Center, <br><br> Respondent. | ) ) ) ) ) ) ) No: 02C 2443 ) ) Hon. ) ) Judge Presiding. ) ) ) ) ) |

JUDGE KENNELLY
MAGISTRATE JUDGE GERALDINE SOAT BROWN

## NOTICE OF INTENT TO FILE PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Arhtur Dale Hickey, by and through his attorneys, Gary Ravitz, Eric Dailes, and Marshall Hartman, hereby gives notice of his intent to file a habeas corpus petition pursuant to 28 U.S.C. §2254 and in support states the following:

1. Arthur Dale Hickey was convicted by a Will County jury of first degree murder, attempt murder, aggravated criminal sexual assault, home invasion, and aggravated battery with a firearm. At a separate sentencing hearing, the same jury found Hickey eligible for the death penalty and further found that there were no mitigating factors sufficient to preclude imposition of death.

2. On March 21, 1996, the Illinois Supreme Court affirmed Hickey's convictions and sentence on direct appeal. People v. Hickey, 178 Ill. 2d 256; 687 N.E.2d 910 (1997). On June

26, 1998, the Supreme Court of the United States denied Hickey's petition for a writ of certiorari. Hickey v. Illinois, 141 L. Ed. 2d 742, 118 S. Ct. 2375(1998)

3. Hickey filed a petition for post-conviction relief in the Circuit Court of Will County. On February 19, 1999, the circuit court entered final judgment denying defendant's amended post-conviction petitions, his motions to produce evidence and his motion for reconsideration. On September 27, 2001, the Illinois Supreme Court affirmed the circuit court's judgment. People v. Hickey, 2001 Ill. LEXIS 1080. Hickey's motion for rehearing was denied on December 3, 2001.

4. Mr. Hickey's habeas petition is likely to present complex constitutional and federal claims.

5. Mr. Hickey's attorneys presently intend to file his habeas corpus petition in this Court on or before December 3, 2002.

WHEREFORE, in consideration of the foregoing and matters detailed elsewhere in the accompanying MOTION FOR APPOINTMENT OF COUNSEL and MOTION FOR INTERIM FEES, petitioner Arthur Dale Hickey and his attorneys respectfully request this Court:

(1) To enter an order appointing GARY RAVITZ, ERIC S. PALLES, and MARSHALL HARTMAN as the attorneys for Mr. Cloutier in connection with all matters regarding his habeas corpus petition; and

(2) To enter an order authorizing the payment of interim fees to attorneys GARY RAVITZ and ERIC S. PALLES.

Respectfully submitted,

*[signature]*

Gary Ravitz, one of the
Attorneys for Arthur Dale Hickey

Gary Ravitz
Eric S. Palles
Ravitz & Palles, P.C.
203 North LaSalle Street, Ste.2100
Chicago, Illinois 60601
(312) 558-1689

Marshall Hartman
Deputy Defender
Capital Litigation Division
600 W. Jackson, Ste. 600
Chicago, Illinois 60661
(312) 814-5100

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ARTHUR DALE HICKEY, Reg. No. A- 87634 Pontiac Correctional Center,<br><br>Petitioner,<br><br>v.<br><br>JAMES SCHOMIG, Warden, Pontiac Correctional Center,<br><br>Respondent. | JUDGE KENNELLY<br>MAGISTRATE JUDGE<br>GERALDINE SOAT BROWN<br><br>No: 02C 244<br><br>Hon. 02 C 2443<br><br>Judge Presiding. |

## ORDER AND MEMORANDUM TO ALL APPOINTED COUNSEL UNDER THE CRIMINAL JUSTICE ACT IN THE ABOVE-CAPTIONED CASE

Re:   Interim Payments for Representation of Counsel
      Interim Payments for Investigative Services

Because of the complexity and expected length of the investigation, preparation and hearings in this cause, and the anticipated hardship on counsel in undertaking representation for such a period without compensation, pursuant to paragraph 2.30 of the Guidelines for the Administration of the Criminal Justice Act, the following procedures for interim payments shall apply during the course of your representation in this case:

1. Counsel will be compensated at a rate of $125.00 per hour for both in-court and out-of-court time. Counsel will be paid the full amount of compensation approved during any interim period.

2. <u>Submission of Vouchers</u>

Counsel shall submit to the Court Clerk on May 7, 2002, and each month thereafter an interim CJA Form 30, "Appointment and Voucher for Counseling Services". Compensation earned and reimbursable expenses incurred from the prior month shall be claimed on an interim voucher submitted no later than the seventh day of the following month, or the first business day thereafter. The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to April 30, 2002. Thereafter, the vouchers shall be submitted monthly according to the schedule outlined above. Counsel shall strike the pre-printed numbers on all but the first CJA Form 30 submitted and substitute the number appearing on the first voucher thereof. In addition, the notation "Interim Voucher" should be placed at the top of all but the final CJA Form 30. Each voucher shall be numbered when processed for payment. Counsel should complete Item 18 on the form for each interim voucher. Interim vouchers shall be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter VI, as well as the applicable provisions of Chapter II, Part C of the <u>Guidelines for the Administration of the Criminal Justice Act</u> outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

The approved interim vouchers will be submitted directly to the Administrative Office for payment. I will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for the approved number of hours. I will also authorize for payment reimbursable expense reasonably incurred.

At the conclusion of the representation, each counsel should submit a final voucher seeking payment. The final voucher shall be labeled as such and shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel should reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case. After reviewing the final voucher, I will submit it to the Chief Judge of the circuit for review and approval.

3. Reimbursable Expenses

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense items in excess of $250 without prior approval of the Court. Such approval may be sought by filing an ex parte application with the Clerk stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation. An application seeking such approval may be filed in camera, if necessary. Upon finding that the expense is reasonable, I will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $250. on one or more interim vouchers are not considered single expenses requiring Court approval.

With respect to travel for the purpose of consulting with the client or his or her former counsel, interviewing witnesses, etc. the $250 rule should be applied in the following manner: Travel expenses, such as airfare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will

3

aggregate an amount in excess of $250, the travel should receive prior approval of the Court.

The following additional guidelines may be helpful to counsel:

a. Case related travel by privately owned automobile should be claimed at the rate of 35 cents per mile, plus parking fees, ferry fees, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited.

b. Actual expenses incurred for meals and lodging while traveling outside of the City of Chicago in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with the existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonable incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for services of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17, F.R.Cr.P. and 28 U.S.C. § 1825.

4. <u>Further questions or guidance</u>

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C. 3006A; (2) the Plan of the United States District Court for the Northern District of Illinois, Eastern Division, available through the Clerk, and (3) <u>Guidelines</u>

<u>for the Administration of the Criminal Justice Act</u>, published by the Administrative Office of the U.S. Courts, also available through the Clerk. Should these references fail to provide the desired clarification or direction, counsel should address their inquiry to me or my staff.

_____  _____
Dated: Judge Presiding:

Prepared by:
Gary Ravitz
Ravitz & Palles, P.C.
203 North LaSalle, Ste. 2100
Chicago, Illinois 60601
(312) 558-1689

5