# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2443 | **DATE** | 7/15/2002 |
| **CASE TITLE** | Hickey vs. Schomig | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court denies without prejudice Hickey's motion for appointment of counsel to represent him in state clemency proceedings (8-1, 10-1). Hickey may renew his request upon the filing of his habeas corpus petition.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 16 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | CDY | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 02 JUL 15 PM 4:37 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARTHUR HICKEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 02 C 2443 |
| | ) |
| JAMES SCHOMIG, Warden, | ) |
| Pontiac Correctional Center, | ) **DOCKETED** |
| | ) |
| Respondent. | ) JUL 1 6 2002 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On April 4, 2002, Arthur Hickey, who was convicted of murder in an Illinois court and sentenced to death, *see People v. Hickey*, 178 Ill. 2d 256, 687 N.E.2d 910 (1997) (direct appeal); *People v. Hickey*, ___ Ill. 2d ___, ___ N.E.2d ___, 2001 WL 1137273 (Ill. Sept. 27, 2001) (post-conviction appeal), filed a notice of his intention to file a petition for habeas corpus in this Court pursuant to 28 U.S.C. §2254. The notice, which stated that Hickey would file his petition on or before December 3, 2002, presumably was filed as a predicate to Hickey's motion (filed the same date) seeking appointment of counsel to represent him in the anticipated habeas corpus proceedings. The Court granted Hickey's motion for appointment of counsel shortly after it was filed. *See* 21 U.S.C. §848(q)(4)(B).

The next document the Court received in Hickey's case was an *ex parte* motion pursuant to 21 U.S.C. §848(q)(8) & (10), filed June 12, 2002, seeking to have his counsel appointed to represent him in connection with an anticipated state clemency petition and also to compensate

13

counsel for that work. The Court directed Hickey's counsel to serve the motion on the Illinois Attorney General and directed the Attorney General to respond. The Attorney General has now objected to the motion. For the reasons stated below, the Court denies Hickey's motion.

Section 848 establishes enhanced penalties for persons who engage in a "continuing criminal enterprise," specifically the commission of a continuing series of violations of the federal narcotics laws, undertaken as an organizer, supervisor, or manager of a group of five or more persons, from which the defendant obtains substantial income or resources. The statute authorizes imposition of a death sentence in certain circumstances for the commission of a murder connected with a continuing criminal enterprise. *Id.* 848(e). Subsection 848(q)(4)(A), which was adopted in 1988, provides for the appointment of counsel and other necessary services for persons charged with federal capital offenses. *Id.* §848(q)(4)(A).

Subsection (q)(4)(B), adopted in 1988 along with §848(q)(4)(A), provides that

> [i]n any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation of investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such services in accordance with paragraphs (5), (6), (7), (8), and (9).

21 U.S.C. §848(q)(4)(B). Subsection (8), referenced in §848(q)(4)(B), states than any attorney appointed under §848(q)(4)(A) or (B)

> shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, *and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.*

2

21 U.S.C. §848(q)(8) (emphasis added). Section 848(q)(10) provides that "[c]ompensation *shall be paid* to attorneys appointed under this subsection" at amounts provided by law. *Id.* §848(q)(10) (emphasis added).

The plain language of §848(q)(8) requires counsel appointed for a habeas corpus petitioner who is under a state-imposed death sentence to represent the petitioner in connection with a later-filed petition seeking clemency from the state's authorities. There is no other way to read the statute; it unambiguously refers to representation in "proceedings for executive or other clemency," and it contains no language limiting this to federal clemency proceedings. The context of section 848(q)(8) likewise makes it abundantly clear that it applies to habeas corpus petitioners pursuing state clemency relief following their federal habeas petition; the provision was enacted as part of a statute that in plain terms requires the appointment of counsel to represent petitioners in cases brought under 28 U.S.C. §2254, a statute that in equally plain terms applies to (and *only* to) "person[s] in custody pursuant to the judgment of a State court." Thus when Congress required attorneys appointed for §2254 petitioners to pursue "proceedings for ... clemency," it necessarily contemplated that they would be seeking clemency from state authorities; no federal official has the authority to commute a sentence imposed by a state court. *See* U.S. Const., art. II, §2, cl. 1 (president has "Power to grant Reprieves and Pardons for *Offenses against the United States*" (emphasis added); *Schick v. Reed*, 419 U.S. 256, 266 (1974) (pardoning power "flows from the Constitution alone"). In sum, it is clear from the face of §848(q)(8) that the statute requires an attorney appointed by a federal court for a habeas corpus petitioner who is under a state-imposed death sentence to represent the petitioner in a subsequent state clemency proceeding. Section 848(q)(10), in turn, provides that "[c]ompensation *shall be*

3

*paid* to attorneys appointed under this subsection," and thus it plainly compels payment of compensation for clemency-related work that an attorney appointed under §848(q)(8) is required to perform.

For these reasons, the Court has no hesitation in concluding that an attorney appointed to represent a habeas corpus petitioner under a sentence of death is required to pursue state clemency relief if it is available and desired by the petitioner, and that the attorney is entitled to reasonable compensation for that work. In this regard, the Court agrees with the Eighth Circuit's decision in *Hill v. Lockhart,* 992 F.2d 801, 803 (8th Cir. 1993), and the decisions of at least three district courts, *see Cloutier v. Schomig,* No. 00 C 5476 (N.D. Ill. June 12, 2002); *Lowery v. Anderson,* 138 F. Supp. 2d 1123, 1125 (S.D. Ind. 2001); *Strickler v. Greene,* 57 F. Supp. 2d 313, 317-18 (E.D. Va. 1999). One Circuit has reached the opposite conclusion, *see Clark v. Johnson,* 278 F.3d 459, 462 (5th Cir. 2002), and another concluded in a different context that §848(q)(8) does not encompass state, as opposed to federal proceedings, *see In re Lindsay,* 875 F.2d 1502, 1506 (11th Cir. 1989). We disagree with the latter decisions; they ignore the plain language of §848(q)(8). "If the statutory language is unambiguous, in the absence of 'a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'" *United States v. Turkette,* 452 U.S. 576, 580 (1981) (quoting *Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108 (1980)), *quoted in Reves v. Ernst & Young,* 570 U.S. 170, 177 (1993).

Our conclusion, however, does not end our inquiry in this case. This Court agrees with the court in *Hill* that "Congress did not intend to encourage futile federal habeas petitions filed only to obtain attorney compensation for state proceedings." *Hill,* 992 F.2d at 803. Thus a

4

petitioner who, for example, files a habeas corpus petition containing plainly unexhausted claims cannot expect to obtain appointed counsel under §848(q)(8) in order to exhaust his state remedies, a step that the law ordinarily requires a habeas petitioner to take before filing in federal court. *See Lindsey,* 875 F.2d at 1506-07 (if appointment and compensation were permitted to exhaust state remedies, "inmates ... would ignore the exhaustion requirement and, before seeking state remedies, futilely file for federal habeas relief. Only after procuring a federally appointed lawyer would state inmates have an incentive to set upon the right track in pursuit of state remedies."). The Court therefore agrees with *Hill* that as a prerequisite to appointment of counsel under §848(q)(8) to pursue state clemency, "the district court must be satisfied ... that the request is made as part of a non-frivolous federal habeas corpus proceeding." *Hill,* 992 F.2d at 803.[1] That prerequisite has not yet been met in this case. As noted earlier, Hickey has not filed a habeas corpus petition; he has simply filed a notice of intent to file such a petition. The Court thus has no way of knowing what claims Hickey's eventual petition will include, whether those claims have been exhausted, and whether they are otherwise colorable. Indeed, in view of the procedural posture of this case, the concern expressed in *Lindsey* – that a federal habeas petition could be filed for the primary purpose of obtaining attorney compensation for state-court (or state clemency) proceedings – is a real one. Though we do not question counsel's good faith when they represent that Hickey is making his request for appointment "as part of a non-frivolous federal habeas corpus petition," the Court must make that assessment for itself, and we are in no

---

[1] We also agree with *Hill* that the request for appointment should be made prior to performing the services related to the state clemency petition, *Hill,* 992 F.2d at 803, and that the court must be satisfied that state law does not provide an avenue for obtaining compensation for the attorney's services. *Id.*

5

position to do so at this time.

For this reason, the Court denies without prejudice Hickey's motion for appointment of counsel to represent him in state clemency proceedings [docket items 8-1, 10-1]. Hickey may renew his request upon the filing of his habeas corpus petition.

					_____
					MATTHEW F. KENNELLY
					United States District Judge

Date: July 15, 2002