Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 2443 | DATE | 11/14/2003 |
| CASE TITLE | Hickey vs. Schomig | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse side of this order, petitioner's remaining claims are dismissed as moot, with leave to reinstate if and when his death sentence is reinstated in the future.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | NOV 17 2003 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 34 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | | |

# ORDER

Arthur Hickey was convicted by a jury of first degree murder, attempted murder, aggravated criminal sexual assault, home invasion and aggravated battery with a firearm on December 12, 1995, in Will County and sentenced to death. His conviction and sentence were affirmed on direct appeal by the Illinois Supreme Court, *People v. Hickey*, 178 Ill. 2d 256, 687 N.E.2d 910 (1997), and the U.S. Supreme Court declined to hear the case. *Hickey v. Illinois*, 524 U.S. 955 (1998). Hickey sought post-conviction relief in state court, but his petition was dismissed without an evidentiary hearing on December 23, 1998, and the Illinois Supreme Court affirmed the dismissal. *People v. Hickey*, 204 Ill. 2d 585, 792 N.E.2d 232 (2001).

Hickey filed a clemency petition with Illinois Governor George Ryan on August 26, 2002, and on November 27, 2002, he filed a petition for a writ of habeas corpus in this Court under 28 U.S.C § 2254. Hickey raised twelve claims addressing both the guilt/innocence and sentencing phases of his trial. When Governor Ryan commuted Hickey's death sentence on January 10, 2003 to a sentence of natural life imprisonment, this Court asked the parties to consider whether the commutation "renders moot issues raised in the petition concerning the sentencing phase of the petitioner's case, and if so, which issues are rendered moot." Both parties responded, arguing that the four claims Hickey had raised challenging his death sentence were not moot because several lawsuits had been filed challenging Governor Ryan's commutations in certain respects. The Attorney General filed an answer to Hickey's petition on the same day. In late February 2003, Hickey filed a motion to stay the proceedings in this Court until the clemency challenges are resolved. The parties filed a joint report in mid-April informing the Court that the litigation challenging Governor Ryan's clemency decisions was still ongoing. But no one had – or has – filed a suit challenging Governor Ryan's decision to grant clemency to Hickey. Thus on June 23, the Court denied Hickey's motion to hold this case in abeyance. At that time, Hickey voluntarily dismissed without prejudice Claims 1 through 6 and 8 through 11 raised in his petition. Therefore, only two claims are before the Court at this time.

In Claim 7, Hickey alleges that his execution would violate the U.S. Supreme Court's decision in *Atkins v. Virginia*, 536 U.S. 304 (2002), that executing the mentally retarded constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments; in Claim 12, he argues that at the very least, the Court should hold an evidentiary hearing to determine whether he is mentally retarded. *Atkins* pertains only to the constitutionality of *executing* the mentally retarded. Because Claims 7 and 12 are premised on Hickey being sentenced to death, his claims are plainly moot in view of the commutation of his death sentence. Hickey has expressed concern that if an Illinois court determines that Ryan lacked authority to commute the sentences of other death row inmates, Hickey's death sentence may be reinstated. But that is entirely speculative; as noted earlier, no one has challenged Hickey's commutation and nearly a year has passed. Consequently, there is no reason to believe that his death sentence will be reinstated and thus no reason to consider his claims on their merits. The Court therefore dismisses Hickey's remaining claims as moot but, in the interest justice, gives Hickey leave to reinstate his claims if his death sentence somehow happens to be reinstated in the future, so that he does not run afoul of the statute of limitations or the limit on successive petitions. And just so it is clear, in this regard we are relying on the Seventh Circuit's admonition that a dismissal with leave to reinstate is not an adjudication on the merits. *Baltimore & Ohio Chicago Terminal R. Co. v. Wisconsin Central Ltd.*, 154 F.3d 404, 407 (7th Cir. 1998).